**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JAMES C. STRADER,**

**Petitioner,**

**v.** **CASE NO. 22-3229-JWL-JPO**

**STATE OF KANSAS, et al.**[1]**,**

**Respondents.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner James C. Strader. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons explained below, the Court will direct Petitioner to show cause why this matter should not be dismissed in its entirety.

**Background**

In May 2003, in Johnson County, Kansas, Petitioner pled guilty to and was convicted of kidnapping and attempted rape, which are hereinafter referred to as the Johnson County convictions. *See* Online Records of Johnson County, Kansas, Case No. 03CR389. The following month, the Johnson County District Court sentenced him to a controlling sentence of 233 months in prison. *Id.* In 2005, a jury in Reno County, Kansas convicted Petitioner of aggravated kidnapping, rape, and aggravated burglary and Petitioner was sentenced to a controlling sentence of 852 months in prison, to be served consecutively to the sentences imposed for the Johnson County convictions. *See* Online

[1] Petitioner has named the State of Kansas, Jeff Zmuda, Daniel L. Schnurr, and Derek Schmidt as Respondents in this action, but the sole proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement ... the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Daniel L. Schnurr, the current warden of Hutchinson Correctional Facility, where Petitioner is confined, is the only proper respondent. All other named Respondents will be dismissed from this matter.

Records of Reno County, Kansas, Case No. 2003-CR-173; *State v. Strader*, 2007 WL 2992402, at *1 (Kan. Ct. App. 2007), *rev. denied* April 23, 2008.

On November 29, 2021, Petitioner filed suit in the United States District Court for the Southern District of Georgia, naming as defendants the State of Kansas, the United States Court of Appeals for the Tenth Circuit, the Kansas Department of Corrections, and the Kansas Organization of State Employees. *See Strader v. Kansas*, Case No. 21-cv-3275-SAC, Doc. 5 (D. Kan.). The United States District Court for the Southern District of Georgia transferred the matter to this Court, which conducted an initial screening of the complaint filed therein. The complaint appeared to identify claims sounding in habeas—challenging both the Reno County convictions and the Johnson County convictions—and claims more properly brought under § 1983. This Court issued an order informing Petitioner in relevant part that if he intended to challenge his Johnson County convictions, he must do so in habeas and on court-approved forms. On December 21, 2021, the Court granted Petitioner's motion to dismiss the matter without prejudice.

On June 8, 2022, Petitioner filed a § 2254 petition that, among other things, challenged his Johnson County convictions. *Strader v. Kansas*, Case No. 22-3114-SAC. The Court reviewed the petition and concluded that the information before the Court indicated that any such claims for relief were untimely filed. Thus, the Court directed Petitioner to show cause why his § 2254 claims challenging his Johnson County convictions should not be dismissed as untimely. Rather than file a response to the order, Petitioner file a motion to dismiss the matter without prejudice, which the Court granted on June 22, 2022.

In the petition now before the Court, Petitioner again brings § 2254 challenges to his Johnson County convictions. (Doc. 1.) As Ground One, he generally asserts that his fundamental constitutional rights were violated at the time of his conviction. *Id.* at 5. Liberally construing the supporting facts, it appears that Petitioner bases his argument in Ground One on the assertion that some of his victims identified other men as their assailants. *Id.* As Ground Two, Petitioner asserts a violation of his rights under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Jencks v. United States*, 353 U.S. 657 (1957). *Id.*at 6. He seeks a court order to obtain evidence of the violation and sets forth

only his own beliefs as supporting facts. As Ground Three, Petitioner asserts that the State obtained his conviction by violating K.S.A. 60-421. *Id.* at 8. As relief, he asks the Court to vacate the sentence on his Johnson County convictions. *Id.*at 14.

**Analysis**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes his pleadings, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).The Court has conducted a preliminary review of the petition and attached exhibits and finds that this matter is subject to dismissal in its entirety for the reasons set forth below.

**Custody**

To obtain habeas corpus relief under § 2254, Petitioner must demonstrate that he is "in [State] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a). "[T]he traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); see *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). "The custody requirement is jurisdictional," *Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir. 2009), and "is determined as of the time the habeas petition is filed." *Dickey v. Allbaugh*, 664 Fed. Appx. 690, 692 (10th Cir. 2016). "[A] habeas petitioner does not remain 'in custody' under a conviction 'after the sentence imposed for it has fully expired.'" *Alaska v. Wright*, 141 S. Ct. 1467, 1468 (2021)(quoting *Maleng v. Cook*, 490 U.S. 488, 492 (1989).

In the petition, Petitioner states that the sentence imposed for his Johnson County convictions "is expired." (Doc. 1, p. 14.) Under the case law set out above, even if Petitioner remains

in custody under the sentence imposed for his Reno County convictions, if the sentence for his Johnson County convictions has fully expired, this Court lacks jurisdiction to consider § 2254 challenges to the Johnson County convictions. Thus, Petitioner will be directed to show cause why this matter should not be dismissed for lack of jurisdiction. If Petitioner remains in custody under the Johnson County convictions, he should so inform the Court.

**Timeliness**

Next, as explained in Petitioner's previous case, his § 2254 challenges to Petitioner's Johnson County convictions appear time-barred. Claims for relief under § 2254 are subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). The United States Supreme Court has held that direct review concludes and makes a judgment "final" when an individual has exhausted his or her opportunity for direct appeal to the state courts and his or her opportunity to request review by the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

Petitioner was sentenced in Johnson County District Court on June 27, 2003. Because he

was convicted after entering a guilty or no-contest plea, the applicable state statute in effect at the time prevented Petitioner from pursuing a direct appeal from his convictions. *See* K.S.A. 2003 Supp. 22-3602(a) ("No appeal shall be taken by the defendant from a judgment of conviction before a district court upon a plea of guilty or nolo contendere, except that jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507 and amendments thereto."). Thus, the one-year federal habeas limitation period began to run on June 28, 2003, the day after judgment was entered in the Johnson County District Court. It expired one year later, on June 28, 2004.

The AEDPA contains a tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). There is no indication that Petitioner filed on or before June 28, 2004, a properly filed application that would trigger this tolling provision.

The one-year federal habeas limitation period also is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). Equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that he failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, for example, "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

Finally, there is an exception to the one-year federal habeas limitation period that applies in cases of actual innocence. To obtain the actual innocence exception to the federal habeas limitation period, Petitioner is not required to conclusively exonerate himself. *See Fontenot v. Crow*, 4 F.4th

982, 1030 (10th Cir. 2021). Rather, he must identify "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). He "must establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327).

Liberally construing the petition, as is appropriate because Petitioner proceeds pro se, Petitioner asserts the actual innocence exception applies in this matter. (Doc. 1, p. 2, 13.) He does not, however, identify new reliable evidence that makes it more likely than not that no reasonable juror would have convicted him. Instead, Petitioner broadly asserts that his no-contest plea was made under duress and that an individual who promised help in overturning the convictions died before doing so. *Id.* at 2. Even if taken as true, neither of these assertions constitute new reliable evidence that meets the applicable standard. Thus, Petitioner will be directed to show cause why this matter should not be dismissed as time-barred. If Petitioner wishes to assert the actual innocence exception, he must identify for the Court the "new reliable evidence" that was not presented at trial that he believes makes it "more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt."

**Failure to State a Claim**

Finally, even if the Court has jurisdiction over this matter and it is not time-barred, it is subject to dismissal in its entirety for failure to state a claim on which relief can be granted. Ground One neither identifies a specific constitutional provision Petitioner believes was violated nor alleges facts that, if taken as true, allow the Court to liberally construe it to identify a specific constitutional provision..

Ground Two alleges a violation of *Jencks* and *Brady* but does not allege facts that support such claims. "'To establish a *Brady* violation, a defendant must demonstrate that (1) the prosecution suppressed evidence; (2) the evidence was favorable to the accused; and (3) the evidence was material to the defense.'" *United States v. Muhtorov*, 20 F.4th 558, 623 (10th Cir. 2021) (quoting

*Hooks v. Workman*, 689 F.3d 1148, 1179 (10th Cir. 2012)). In *Jencks*, the United States Supreme Court held that the government "cannot 'invoke its governmental privileges to deprive the accused of anything which might be material to his defense.'" *Muhtorov*, 20 F. 4th at 631 (quoting *Jencks*, 353 U.S. at 671). But the "supporting facts" offered in the petition for Ground Two include a request for a court order to obtain a victim's medical records, school records, and the state court records from a custody case. At no point in Ground Two does Petitioner assert that the prosecution in his state criminal case improperly withheld any of this information. Thus, he has not alleged a *Brady* or *Jencks* violation.

The final ground for relief, Ground Three, alleges only the violation of a state statute. "Federal habeas relief does not lie for errors of state law." *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991). "'To the extent [the petitioner] argues the state court erroneously interpreted and applied state law, that does not warrant habeas relief[.]'" *Hawes v. Pacheco*, 7 F.4th 1252, 1264 (10th Cir. 2021) (quoting *Boyd v. Ward*, 179 F.3d 904, 916 (10th Cir. 1999)). Thus, Ground Three does not state a claim that is actionable in federal habeas.

**Petitioner's Filings**

Finally, the Court notes that the petition in this matter was electronically submitted to the clerk of court for electronic filing along with over 170 additional pages. Those pages included two additional federal habeas petitions, which were filed as separate matters in this Court, as well as filings that appeared intended for the Tenth Circuit, the Foreign Intelligence Surveillance Court, and at least one Kansas state district court. Petitioner is advised that this Court does not accept documents for filing in other courts. In addition, it was not clear whether Petitioner intended all of the documents to constitute several new cases or to be filed in an already existing case. At one point in the submission, Petitioner appeared to request that the Court file the documents in every case he has had before this Court from 2018 to the present day.

> "'[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.' Federal courts have the inherent power 'to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate

circumstances.'"

*Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, (10th Cir. 2006) (quoting *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989)).

Petitioner has been subjected to filing restrictions in previous cases due to his filing large numbers of apparently irrelevant documents. *See, e.g.*, *Strader v. Kansas*, Case No. 19-3137-SAC, 2019 WL 5622439, *1 (D. Kan. Oct. 31, 2019) ("[P]etitioner has repeatedly submitted materials that do not support a comprehensible claim for relief, and the Court remains convinced that a filing restriction is warranted in this matter."). Thus, as Petitioner is already aware, he "has no constitutional right to file frivolous or malicious matters" and "where a [party] has a history of repetitive filings and abuse of the judicial process, a court may exercise its inherent power to impose orders to manage its docket and deter frivolous filings." *See Strader v. Werholtz*, Case No. 19-3102-SAC, 2019 WL 5267160, *1 (D. Kan. Oct. 17, 2019).

Although the past filing restrictions were issued on a case-by-case basis, Petitioner is hereby cautioned that if he continues to submit large amounts of documents that appear unrelated to the cases in which he wishes to file them, the Court will consider implementing more broadly applicable filing restrictions. Petitioner should clearly identify the case in which he wishes future submissions to be filed. If Petitioner wishes documents to be filed in an already existing case, he must clearly identify that case number on the first page of his filing. Petitioner should also ensure that the documents he files in a case are relevant to the claim or claims in that particular matter. This will promote judicial efficiency, as the Court will not have to sort through hundreds of pages to determine what, if any, information therein is relevant to the claims in the case before it. It will also better allow the Court to evaluate Petitioner's arguments.

For example, the petition presently before the Court refers the Court to an attached brief. (Doc. 1, p. 2.) But it contains no further indication as to where in the voluminous filing the brief is located. Even where a party proceeds pro se and is therefore entitled to liberal construction of his or her arguments, the Court "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *See Garrett v. Selby Connor Maddux & Janer*,

425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

**Conclusion**

For the reasons set forth above, the petition currently before the Court appears to be subject to dismissal in its entirety for lack of jurisdiction, as time-barred, or for failure to state a claim on which federal habeas relief may be granted. Therefore, the Court will direct Petitioner to show cause why this matter should not be dismissed in its entirety for these reasons. If he fails to timely do so, this matter will be dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that the State of Kansas, Jeff Zmuda, and Derek Schmidt are dismissed as respondents in this matter. Daniel L. Schnurr, Warden of Hutchinson Correctional Facility, where Petitioner is confined, is the sole proper Respondent in this matter.

**IT IS FURTHER ORDERED** that Petitioner is granted until and including November 7, 2022, in which to show cause, in writing, why this matter should not be dismissed for the reasons stated herein. If Petitioner fails to timely file a response to this order, this matter will be dismissed without further prior notice to Petitioner.

**IT IS SO ORDERED.**

DATED: This 7th day of October, 2022, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge