IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAMES C. STRADER,**

                    **Petitioner,**

      v.                                  **CASE NO. 22-3229-JWL-JPO**

**DANIEL L. SCHNURR,**

                      **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and state prisoner James C. Strader on October 4, 2022. The Court conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and issued a notice and order to show cause (NOSC) directing Petitioner to show cause why this matter should not be dismissed for certain identified reasons. (Doc. 2.) The NOSC set the deadline for Petitioner to either respond or file an amended petition as November 7, 2022.

On November 7, 2022, Petitioner filed multiple documents in this Court, including an amended petition to be filed in a separate case in this Court,[1] a motion for Order of Stay (Doc. 3), and a number of attached documents. (Doc. 3-1.) The submission also included filing instructions which appear to indicate that Petitioner wished the motion and the attachments to be filed in three cases: (1) the case now before the Court; (2) *Strader v. Schnurr*, Case No. 22-3228-JWL-JPO; and *Strader v. Schnurr*, Case No. 22-cv-3264-JWL-JPO. (*See* Doc. 3-2.) The Court has reviewed the documents and their applicability to this case. For the reasons stated below, the Court concludes that

---

[1] The amended petition clearly indicated a single case number (22-3228-JWL-JPO) and sought relief under 28 U.S.C. § 2241. For those reasons, the amended petition was not filed in this case and was filed only in *Strader v. Schnurr*, Case No. 22-3228-JWL-JPO.

1

the motion to stay should be denied and this matter should be dismissed as time-barred.

In May 2003, in Johnson County, Kansas, Petitioner was convicted of kidnapping and attempted rape and he was sentenced to 233 months in prison. *See* Online Records of Johnson County, Kansas, Case No. 03CR389. In 2005, a jury in Reno County, Kansas convicted Petitioner of aggravated kidnapping, rape, and aggravated burglary and he was sentenced to a controlling sentence of 852 months in prison, to be served consecutively to the sentences imposed for the Johnson County convictions. *See* Online Records of Reno County, Kansas, Case No. 2003-CR-173; *State v. Strader*, 2007 WL 2992402, at *1 (Kan. Ct. App. 2007), *rev. denied* April 23, 2008.

On October 4th, 2022, Petitioner filed the petition in this matter, challenging his Johnson County convictions. (Doc. 1.) The Court reviewed the petition as required under Rule Four and issued a NOSC on October 7, 2022. (Doc. 2.) The NOSC noted the lack of clarity on whether Petitioner remained in custody on the Johnson County convictions, as required for this Court to have jurisdiction over a challenge to those convictions under § 2254. *Id.* at 3-4.

Next, the NOSC explained that § 2254 challenges to Petitioner's Johnson County convictions appear time-barred. *Id.* at 4-6. Petitioner was sentenced in the District Court of Johnson County, Kansas on June 27, 2003. Because Petitioner was convicted after entering a guilty or no-contest plea, he was prevented by statute from pursuing a direct appeal from his convictions. *Id.* at 4-5 (citing K.S.A. 2003 Supp. 22-3602(a)). Thus, the one-year federal habeas limitation period began to run on June 28, 2003. *Id.* at 5. The NOSC acknowledged the statutory provision that may toll the federal habeas statute of limitations, but noted that there was no indication that the provision applied here. *Id.* Thus, unless Petitioner persuaded the Court that equitable tolling or the actual innocence exception to the statute of limitations applies, the statute of limitations expired on June

2

28, 2004, well before Petitioner filed the present action in 2022.[2] *Id.* 5-6.

Finally, the NOSC noted that even if the Court has jurisdiction and the matter is not time-barred, the petition failed to state a claim on which relief could be granted under 28 U.S.C. § 2254. *Id.* at 6-7. Thus, the NOSC concluded, the petition in this matter is subject to dismissal and Petitioner was directed to show cause why this matter should not be dismissed. *Id.* at 9.

On November 7, 2022, Petitioner submitted a motion to stay and over 200 pages of exhibits. (Docs. 3 and 3-1.) In the motion to stay, Petitioner asks for a 60-day stay in order to research "Helios . . . mixed with the Facebook and Amazon MTurk project mixed with Smart tech and A.I." *Id.* at 1. He explains that he has submitted requests for certain documents and he seeks the stay so he has time to fill out paperwork and obtain the documents. *Id.* Liberally construing the motion, it appears that Petitioner seeks an extension of time to respond to the NOSC. But the research topics identified in the motion to stay do not appear relevant to the deficiencies identified in the NOSC: Petitioner's custodial status, the timeliness of this matter, and the failure to state a viable claim for relief under § 2254. Thus, the motion to stay will be denied.

The 200-plus pages of exhibits that Petitioner has filed with the Court similarly do not include any argument that seems relevant to the deficiencies identified in the NOSC. As noted above, Petitioner's response to the NOSC was due on or before November 7, 2022. The documents discussed above are the only submissions the Court has received from Petitioner in this matter. Even liberally construing all of the documents, Petitioner has not shown cause why this matter should not be dismissed in its entirety. Thus, the Court will dismiss this matter with prejudice as time-barred. *See Haney v. Addison*, 175 F.3d 1217, 1218-19 (10th Cir. 1999) (affirming dismissal with prejudice

---

[2] As the NOSC also noted, the Court in another case previously raised the question to Petitioner of whether § 2254 challenges to the Johnson County convictions would be time-barred. (Doc. 2, p. 2 (citing *Strader v. Kansas*, Case No. 22-3114-SAC, which Petitioner voluntarily dismissed after the Court ordered him to show cause why § 2254 challenges to the Johnson County convictions should not be dismissed as untimely).)

of time-barred § 2254 petition).

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C. § 2253(c)(2).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that the procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that the motion for order of stay (Doc. 3) is **denied**. This matter is **dismissed with prejudice** as time-barred. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 9th day of November, 2022, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge